UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-21264-CIV-MORENO

ADACIA DOUGLAS,

    Plaintiff,

vs.

JUDGE NUSHIN G. SAYFIE, JUDGE
MIRANDA CRISTINA, BAILIFF MANNY
PEREZ, JUDGE MARLENE FERNANDEZ
KARAVETSOS, JOSE PEREZ-MIRANDA,
and MIAMI-DADE POLICE DEPARTMENT,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS AND CLOSING CASE

THIS CAUSE came before the Court upon Defendants' Motions to Dismiss (**D.E. 6 & 7**), filed respectively on **March 31, 2020 and April 2, 2020**.

THE COURT has considered the motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are GRANTED by default due to Plaintiff's failure to respond.  *See* Local Rule 7.1(c).  Furthermore, the Court finds that the claims against the Florida judicial defendants are barred by the doctrine of judicial immunity.  On February 5, 2020, the Plaintiff filed a complaint in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, (case number 2020-CA-2674) alleging violations of the First and Fourth Amendments to the United States Constitution arising from Plaintiff's interactions with state court judges and court staff that allegedly occurred at the Richard Gerstein Justice Building courthouse in Miami.

Plaintiff claims, in his complaint, that the judiciary defendants violated his rights when

they "conspired with each other that if Adacia Douglas attempted to enter any open court proceeding to the public that courtroom security along with all Miami-Dade available officers would deny her access." Those claims, however, stem from actions taken by these defendants while acting in their judicial capacity, and thus the Court finds that such actions are immune from suit. *See Sibley v. Wilson*, No. 04-21000-CIV, 2004 WL 5589793, at *3 (S.D. Fla. July 8, 2004) ("A judge will be acting within his judicial discretion if the act complained of is a judicial act and the judge has subject matter jurisdiction at the time he acted."); *see also Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir.1996) (holding that a trial judge had absolute immunity to exclude plaintiff from attending a proceeding in a matter that was properly before him). This immunity extends to the named bailiffs in this case as well because their conduct, as alleged in the complaint, was directly related to the proceedings held by the defendant judges. As observed by the Eleventh Circuit, "[n]onjudicial officials are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'" *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quoting *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)).

In addition, the complaint is dismissed as to the remaining defendant Miami-Dade Police Department. The police department does not have the capacity to be sued. *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) ("Because the [Miami-Dade Police Department] does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party."). *See also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1138 (11th Cir. 2019) ("In sum, we affirm the district court's decision to dismiss Silberman's complaint on the ground that [Miami Dade Transit] is not *sui juris* under Florida law."); *Barteet v. Eismann*, No. 13-80434-CIV, 2013 WL 5236640, at *2 (S.D. Fla. Sept. 17, 2013) ("Defendants are correct that it is improper for Plaintiff to have named several county departments as Defendants.").

Based on the foregoing, the motions to dismiss are GRANTED, and the case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of April 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Adacia Douglas
1603 NW 7th Avenue
Miami, FL 33136
PRO SE